IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUAN TIBURCIO,<br><br>                    Petitioner,<br><br>    v.<br><br>SUPERINTENDENT MELINDA ADAMS, et al.,<br><br>                    Respondents. | CIVIL ACTION<br>NO. 24-2617 |

**OPINION**

**Slomsky, J.**                                                                                                                                      May 22, 2025

I.    INTRODUCTION ............................................................................................................. 2

II.   BACKGROUND ............................................................................................................... 2

    A.   Facts ............................................................................................................................ 2

    B.   Procedural History ..................................................................................................... 4

III.  STANDARD OF REVIEW .............................................................................................. 6

    A.   Magistrate Report and Recommendation ................................................................. 6

IV.   ANALYSIS ........................................................................................................................ 7

    A.   The Petition Is Time-Barred ..................................................................................... 8

        1.   Federal and State Law Regarding Timeliness ................................................... 8

            a.   The One-Year Statute of Limitations Has Lapsed ..................................... 9

            b.   Equitable Tolling ......................................................................................... 10

V.    CONCLUSION .............................................................................................................. 12

I.     INTRODUCTION

In 2016, Juan Tiburcio ("Petitioner") was convicted of several crimes involving possession and delivery of a controlled substance and drug paraphernalia. He is currently an inmate at the State Correctional Institution in Mercer, Pennsylvania.

On June 14, 2024, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) On August 28, 2024, the Court referred the Petition to United States Magistrate Judge Carol Sandra Moore Wells for a Report and Recommendation ("R&R"). (Doc. No. 3.) On January 31, 2025, Judge Wells issued an R&R recommending that the Petition be denied without an evidentiary hearing because Petitioner's claims were time-barred, and that a certificate of appealability not be issued. (Doc. No. 9 at 1, 7.) On February 21, 2025, Petitioner filed Objections to the R&R, asserting that he is entitled to equitable tolling and therefore his Petition was timely filed. (Doc. No. 12 at 3–5.) For the reasons described below, the Court will approve and adopt the R&R (Doc. No. 12) with modifications, and deny the Petition for Writ of Habeas Corpus (Doc. No. 1).[1]

II.    BACKGROUND

   A.    Facts

On August 2, 2016, after a jury trial in the Court of Common Pleas of Berks County, Petitioner was convicted of the following: two counts of delivery of a controlled substance (heroin) and one count of possession with intent to deliver a controlled substance (heroin), in

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1, a district judge "may accept, reject, or modify, in whole or in part, the findings of recommendations made by the magistrate judge with further instructions." § 636(b)(1)(C); E.D. PA. CIV. R. 72.1. Here, this Court has modified the Magistrate Judge's calculation of the timeline that resulted in the violation of the applicable statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which is discussed below.

violation of 35 PA. CONS. STAT. § 780-113(a)(30); three counts of conspiracy to deliver a controlled substance, in violation of 18 PA. CONS. STAT. § 903(a)(1); three counts of criminal use of communication facility, in violation of 18 PA. CONS. STAT. § 7512(a); three counts of possession of drug paraphernalia (glassine packets), in violation of 35 PA. CONS. STAT. § 780-113(a)(32); and three counts of possession of a controlled substance (heroin), in violation of 35 PA. CONS. STAT. § 780-113(a)(16).  (Doc. No. 6; Appendix A145, A27.)

> The facts underlying these charges are summarized in the R&R as follows:
>
> Briefly, between June 29, 2015 and August 11, 2015, the Narcotics Enforcement Team of the Berks County District Attorney's Office ("Narcotics Team") was working undercover to purchase heroin from a suspect, Karla Romig. On August 11, 2016, Romig was arrested for drug offenses. She then consented to Sergeant Todd Harris' use of her phone to contact her supplier, later identified as [Petitioner]. Posing as Romig, Sergeant Harris texted [Petitioner]. During the text conversation, Sergeant Harris asked [Petitioner] for "three whole ones" which meant he was asking for three bundles of heroin. Through the text conversation between Sergeant Harris (posing as Romig) and [Petitioner], they arranged to have [Petitioner] deliver the drugs to Romig's residence. Once [Petitioner] arrived at the residence, he sent a text message to Romig stating that he was outside.
>
> At that same time, the surveillance units working with Sergeant Harris informed him that a Toyota Camry had pulled up at the residence. [Petitioner] exited the passenger side of the Camry, operated by his brother Michael Tiburcio ("codefendant"), and started to walk up onto the porch of Romig's residence. He was then taken into custody. The Narcotics Team recovered from [Petitioner's] person $818.00 in U.S. currency, two cellular telephones, and sandwich bags containing a bundle of 10 heroin packets and another bundle of 9 heroin packets.
>
> The Narcotics Team instructed the co-defendant to exit the Camry. A subsequent search of the co-defendant led to the recovery of a plastic sandwich bag containing 41 packets of crack cocaine, $296.00 in U.S. currency, a chunk of bulk cocaine and one packet of powder cocaine. Following the administration of Miranda warnings, the co-defendant directed the Narcotics Team to a small change drawer to the left of the steering wheel in the Camry containing 15 additional packets of heroin. The Narcotics Team also recovered the co-defendant's cellular phone from inside of the Camry. The co-defendant admitted to Detective George Taveras of the Berks County District Attorney's Office that he was "willing to cooperate with law enforcement," "he was doing this to get by," "times were tough," and that "this was a very small amount" and he can do "bigger things."

(Doc No. 9 at 1–2 (citing Commonwealth v. Tiburcio, No. 1589 MDA 2016, 2017 WL 3602074, at *1 (Pa. Super. Ct. Aug. 22, 2017).)

On August 9, 2016, the Honorable M. Theresa Johnson of the Court of Common Pleas of Berks County sentenced Petitioner to an aggregate term of 11-to-60 years of incarceration. (Doc. No. 9 at 2; Doc. 6-3 at 41–47.)

### B. Procedural History

What next occurred in Petitioner's case is as follows:

- On August 19, 2016, Petitioner filed a motion for a New Trial and to Modify Sentence. On September 1, 2016, the trial court denied the Motion. (Doc. No. 1-1 at 2.)

- On September 26, 2016, Petitioner filed a timely appeal to the Superior Court of Pennsylvania raising three challenges concerning the admissibility of the Commonwealth's expert testimony, the sufficiency of the evidence justifying the conspiracy conviction, and the legality of his sentence. (Doc. No. 6 at 2; Appendix at A159, A192.) On August 22, 2017, the Superior Court affirmed the judgment of sentence on the first two issues, but found Petitioner had waived the sentencing issue due to his failure to raise it in a Pa. R.A.P. 2119(f) statement. Commonwealth v. Tiburcio, No. 1589 MDA 2016, 2017 WL 3602074, at **1, 3. (Pa. Super. Ct. Aug. 22, 2017). No timely Petition for allowance of appeal to the Supreme Court of Pennsylvania was filed.

- On October 18, 2017, Petitioner filed a pro se petition seeking nunc pro tunc reinstatement of his right to file an appeal to the Superior Court raising his sentencing issue. The Petition was treated as a petition for relief under the Post Conviction Relief Act (PCRA). On February 28, 2019, following a hearing on a counseled, amended petition, Petitioner's right to appeal was reinstated but limited to a challenge to the discretionary aspects of his sentence. (Doc. No. 6-4 at 36; Appendix at A260.)

- On March 25, 2019, Petitioner filed a timely reinstated direct appeal to the Superior Court of Pennsylvania, raising challenges to his sentence because it was based upon consideration of impermissible factors and inaccurate calculations of the amount of drugs in his possession at arrest.  (Doc. No. 6 at 3; Appendix at A261, A264-A265.)  On March 10, 2020, the Superior Court affirmed the judgment of sentence.  <u>Commonwealth v. Tiburcio</u>, No. 505 MDA 2019, 2020 WL 1159315, at **1–5 (Pa. Super. Ct. Mar. 10, 2020).  On November 3, 2020, a Petition for Allowance of Appeal to the Pennsylvania Supreme Court was denied.  (Doc. No. 6 at 3; Appendix at A263, A320, A337, A348.)

- On January 26, 2022, Petitioner filed a counseled PRCA petition.[2]  He raised seven claims: (1) counsel was ineffective for advising Petitioner to reject a plea offer; (2) counsel was ineffective for advising him not to testify at trial; (3) counsel was ineffective for failing to file a pretrial motion or to object to trial testimony challenging an illegal vehicle search; (4) counsel was ineffective for failing to object to an expert witness for the Commonwealth at trial; (5) counsel was ineffective for failing to request the identity of the Confidential Informant; (6) Petitioner raised concerns regarding the cumulative impact of counsel's ineffective assistance; and (7) Petitioner claimed that sentencing him to several aggravated consecutive sentences was cruel and unusual punishment under the United States Constitution.  (Doc. No. 1 at 9.)  On August 30, 2022, the PCRA court denied relief.  (Doc. No. 6 at 4; Appendix at A465-A493.)

- On September 26, 2022, Petitioner timely appealed this denial to the Superior Court, raising the same seven (7) claims.  (Doc. No. 6 at 4; Appendix at A494-A540.)  On July 28, 2023, the

---

[2]  Petitioner asserts that he filed a timely PCRA petition on January 24, 2021.  (Doc. No. 1 at 7.)  However, as Judge Wells noted, there is no evidence of this filing in the record.  (Doc. No. 9 at 3 n.1.)

Superior Court denied Petitioner relief. Commonwealth v. Tiburcio, No. 1379 MDA 2022, 2023 WL 4844889, at *21 (Pa. Super. Ct. July 28, 2023). Petitioner did not seek allocatur from the Pennsylvania Supreme Court.[3] (Doc. No. 6 at 4; Doc. No. 9 at 3–4.)

- On June 14, 2024, Petitioner filed the instant counseled § 2254 Habeas Petition in the United States District Court for the Eastern District of Pennsylvania. (Doc. No. 1.)

In the R&R, Magistrate Judge Wells found that the Habeas Petition was not filed within the one-year statute of limitations under 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act ("AEDPA") and recommended that the Petition be denied. The Court agrees, but reaches that same conclusion in a different way after analyzing the timeline in this case.

### III.    STANDARD OF REVIEW

#### A.    Magistrate Report and Recommendation

Under 28 U.S.C. § 636(b)(1)(B) and the local rules of this Court, a district judge is permitted to designate a magistrate judge to make proposed findings and recommendations on petitions for post-conviction relief. See § 636(b)(1)(B); E.D. PA. CIV. R. 72.1. Any party may file objections in response to the magistrate judge's report and recommendation. § 636(b)(1)(C). Whether or not an objection is made, a district judge "may accept, reject, or modify, in whole or in part, the findings of recommendations made by the magistrate judge with further instructions." Id. "[I]t must be assumed that the normal practice of the district judge is to give some reasoned consideration to the magistrate's report before adopting it as the decision of the court." Henderson v. Carlson, 812 F.2d 784, 878 (3d Cir. 1987).

---

[3]   Pursuant to Pennsylvania Rule of Appellate Procedure Rule 1113(a), a petition for allowance of appeal (allocatur) to the Supreme Court must be filed within 30 days after the entry of the order being appealed. Pa.R.A.P. 1113(a).

In the Eastern District of Pennsylvania, Local Rule 72.1.IV(b) governs a petitioner's objections to a magistrate judge's report and recommendation. Under that rule, a petitioner must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." E.D. PA. CIV. R. 72.1 See Savior v. Superintendent of Huntingdon SCI, No. 11-5639, 2012 WL 4206566, at *1 (E.D. Pa. Sept. 20, 2012). (noting that the magistrate judge offered independent and unobjected-to grounds for denying a petitioner's habeas corpus petition that the district judge did need not review de novo.) Upon review, "[a district judge] shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." § 636(b)(1)(C). De novo review is non-deferential and generally permits the district court to conduct an "independent review" of the entire matter. Salve Regina Coll. v. Russell, 499 U.S. 255, 238 (1991). "Although [the] review is de novo, [a district judge] [is] permitted, by statute, to rely upon the magistrate judge's proposed findings and recommendations to the extent [the] judge], in the exercise of sound discretion, deem[s] proper." Owens v. Beard, 829 F. Supp. 736, 738 (MD. Pa. 1993) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

**IV.   ANALYSIS**

In his Petition for a Writ of Habeas Corpus, Petitioner raises seven (7) claims for relief. (See Doc. No. 1.) The first six claims assert grounds for relief based on the ineffectiveness of Petitioner's trial counsel. (See id.) The seventh claim challenges the sentence imposed by the trial court as disproportionate to Petitioner's offenses. (See id.) But Magistrate Judge Wells did not reach the merits of the seven (7) claims, instead recommending that the Petition be denied because all of Petitioner's claims are time-barred under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and because the Petition cannot be rendered timely by statutory or equitable tolling. (See Doc. 9 at 5.)

7

### A. The Petition Is Time-Barred

For the reasons below, the Court agrees with Magistrate Judge Wells that Petitioner's Habeas Corpus Petition is untimely under the AEDPA and cannot be rendered timely by statutory or equitable tolling. (See Doc. No. 9; 28 U.S.C. § 2244(d).)

#### 1. Federal and State Law Regarding Timeliness

In 1996, Congress adopted the AEDPA, which imposed a one-year statute of limitations for federal habeas corpus petitions challenging state court action. See 28 U.S.C. § 2244(d).

Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgement of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Id. In other words, absent the circumstances described in § 2244(d)(1)(B)–(D), the one-year period begins to run on the date the judgment of sentence becomes final in state court, unless statutory or equitable tolling applies.[4]

---

[4] In this case, Petitioner has not satisfied the tolling provisions in § 2244(d)(1)(B)–(D). (See Doc. No. 9 at 6.)

Under Pennsylvania law, an appeal may be filed within thirty (30) days from the date of entry of the order to be appealed. See Pa. R.A.P. 903(a). If an appeal is not filed, the state court's judgment is considered final when the relevant appeal period expires. See 42 PA. CONS. STAT. ANN. § 9545. Put differently, statutory tolling continues through the time available for a petitioner to seek further state court review, even if the petitioner did not seek that review. Swartz v. Meyers, 204 F.3d 417, 424 (3d Cir. 2000). The Third Circuit Court of Appeals has held that the date the statute of limitations starts running for each claim must be analyzed separately. Fielder v. Varner, 379 F.3d 113, 119 (3d Cir. 2004).

### a. The One-Year Statute of Limitations Has Lapsed

As noted, pursuant to 28 U.S.C. § 2244(d)(2), the period "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year that a Petitioner has from the time his conviction becomes final to file a Petition for a Writ of Habeas Corpus. With this in mind, the following are the critical considerations in deciding whether Petitioner has filed his Habeas Corpus Petition within the one-year statute of limitations.

On November 3, 2020, a Petition for Allowance of Appeal to the Pennsylvania Supreme Court was denied. (Doc. No. 6 at 3; Appendix at A263, A320, A337, A348.) No petitions for reconsideration were filed. As noted earlier, Pennsylvania Rule of Appellate Procedure 1113(a), which governs the time to file a petition for allowance of appeal (allocatur), provides:

> (a) General rule.—Except as otherwise prescribed by this rule, a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of the Superior Court or the Commonwealth Court sought to be reviewed.

Pa.R.A.P. 1113(a). Here, the Pennsylvania Supreme Court denied the Petition for Allowance of Appeal on November 3, 2020. (Doc. No. 6 at 3; Appendix at A263, A320, A337, A348.) Petitioner

9

did not file a petition for a reconsideration. Thus, Petitioner's conviction became final thirty (30) days later, on December 3, 2020, and the AEDPA one-year filing deadline therefore expired on December 3, 2021.

The next thing that happened in Petitioner's case is that on January 26, 2022, after the December 3, 2021 one-year deadline had passed, Petitioner filed another PCRA petition. But this Petition was filed one year and 55 days after the date that his conviction became final. During this one year and 55 days, there was no properly filed application for post-conviction or collateral review pending in state court that would have suspended the running of the one-year limitation period.

Petitioner did file an appeal from the denial of the PCRA petition filed on January 26, 2022 to the Superior Court of Pennsylvania, and when this appeal was denied, he even sought <u>allocatur</u> from the Pennsylvania Supreme Court. The petition for <u>allocatur</u> was denied. But the pendency of this PCRA petition or the appeals that followed its denial did not extend the one-year statute of limitations under the AEDPA, which had already run when the PCRA petition was filed on January 26, 2022.

    **b.**  **Equitable Tolling**

In his Objections to the R&R, Petitioner asserts that he is entitled to equitable tolling of the AEDPA one-year period. (Doc. No. 12.) For the following reasons, Petitioner is not entitled to equitable tolling.

The limitations period under the AEDPA may be equitably tolled if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevent timely filing." <u>Holland v. Florida</u>, 560 U.S. 631, 649 (2010). Courts must be sparing in their use of equitable tolling." <u>Sistrunk v. Rozum</u>, 674 F.3d 181, 190 (3d. Cir. 2012) (internal citations omitted). "Whether a petitioner has been diligently pursuing his rights is a fact

specific determination." Erb v. Kauffman, No. 2:20-CV-3492, 2023 WL 5144348, at *2 (E.D. Pa. Aug. 10, 2023). The Third Circuit has enumerated several circumstances where equitable tolling is permissible:

> if (1) the [Commonwealth] has actively misled the petitioner, (2) if the petitioner has in some extraordinary way been prevented from asserting his or her rights, or (3) if the petitioner has timely asserted rights but has mistakenly done so in the wrong forum.

Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (internal citations omitted). But, except in non-capital cases, "attorney error, miscalculation, inadequate research, or other mistakes have not been found to give rise to the 'extraordinary' circumstances required for equitable tolling." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001).

Here, Petitioner explains that his Habeas Corpus Petition was untimely because attorney error resulted in the miscalculation of the AEDPA filing deadline. (Doc. No. 12 at 4.) Specifically, Petitioner alleges the following:

> When calculating the due date for this Petition, counsel used the procedural history that had been included in the Superior Court brief on appeal of the PCRA petition. Unbeknownst to counsel, this contained a typographical error related to the date that the PCRA petition had been filed: 2021 rather than 2022. This single-typographical error caused the incorrect calculation of the habeas deadline.

(Doc. No. 12 at 4–5.) Petitioner argues that he "should not be prejudiced by counsel's mistaken but good faith reliance on what was an inadvertent typographical error." (Id. at 5.)

This argument, however, is unpersuasive. Even if Petitioner had diligently pursued his rights, the alleged error does not rise to the level of attorney misbehavior that constitutes an extraordinary circumstance that would have prevented Petitioner from timely filing this Petition. Compare Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 241 (3d Cir. 1999) (finding counsel's repeated, affirmative lies that complaint has been filed "went well beyond the garden variety [neglect]" and warranted equitable tolling) with Schlueter v. Varner, 384 F.3d 69, 76–78

11

(3d Cir. 2004) (finding counsel's broken promise to file a PCRA petition by end of year did not warrant equitable tolling because lengthy periods of time elapsed following the petitioner's conviction). Here, nothing in the record suggests that Petitioner's counsel purposefully misled him or that Petitioner was prevented from taking affirmative steps to ensure the timely filing of his Habeas Corpus Petition almost eight (8) years after his 2016 conviction. Petitioner, therefore, is not entitled to equitable tolling of the AEDPA one-year filing period.

## V.   CONCLUSION

For the foregoing reasons, the Court will overrule Petitioner's Objections to the Magistrate Judge's Report and Recommendation (Doc. No. 12), approve and adopt Magistrate Judge Wells' Report and Recommendation (Doc. No. 9) with modifications, and deny the Petition for Writ of Habeas Corpus (Doc. No. 1). Furthermore, the Court will not issue a certificate of appealability in this case. Petitioner has failed to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). An appropriate Order follows.